## Hanzsek v. McDonough

*Robin Tucker Locke,* for plaintiffs.

*Georgine A. Olexa,* for defendant Sacred Heart Hospital of Allentown.

GARDNER, *J.,* May 20, 1987—This matter is before the court on plaintiffs' motion for sanctions seeking production from defendant hospital of four incident reports prepared by hospital nurses. For the reasons expressed herein we grant plaintiffs' motion.

This is a medical malpractice case. Plaintiff patient was admitted to defendant Sacred Heart Hospital of Allentown on February 20, 1983, and remained there until his death on March 22, 1983. Early in his stay in the hospital, defendant doctors performed lung surgery, specifically a lung resection, on him.

Plaintiffs allege that a torsion, or twisting, of the lower lung lobe occurred during the surgical procedure. This allegedly caused infection and gangrene requiring a subsequent re-operation to clear up the infection. Although the infection was successfully removed at that later operation, the surgeon prescribed an anticoagulant medication known as Coumadin. Plaintiffs allege that this drug caused a mass hemorrhage and cardiac arrest, from which the patient died.

Plaintiffs propounded interrogatories to defendant hospital. Interrogatory number 6 asked whether certain documents known as "incident reports" were prepared by the hospital nurses in connection with the treatment of this person. In answers to interrogatories filed February 4, 1986, the hospital identified four incident reports prepared by three hospital nurses. The first was prepared on March 3, 1983, the date of surgery and the date when the torsion was discovered. The second report was pre-

pared March 13, 1983, a date on which the patient's chest tubes popped out and had to be resewn back in place. A third incident report was prepared March 18, 1983, when a similar occurrence happened concerning the chest tubes. The final incident report was prepared March 23, 1983, the day after the patient died.

Although providing the dates when the reports were prepared and the names of the nurses preparing those reports, plaintiffs refused to respond to that portion of the interrogatory requesting the contents of the incident reports. The hospital contended that such information was privileged and confidential under the Peer Review Protection Act, act of July 20, 1974, P.L. 564, §§1-4, as amended 63 P.S. §§425.1-425.4.

Subsequently on May 14, 1985, plaintiffs filed a request for production of documents, requesting that the incident reports be produced. In their response to the production request, defendant hospital objected to the request on the same grounds.

On August 11, 1986, plaintiffs attempted to take the deposition of the three nurses who prepared the incident reports. Plaintiffs' counsel asked, or indicated an intention to ask, each nurse how the incident report in this case was prepared, for what purpose it was prepared, and what information it contained. The hospital's counsel instructed each nurse deponent not to answer any of those questions. Counsel was again relying upon his interpretation of the Peer Review Protection Act.

Thereafter, on April 24, 1987, plaintiffs filed the motion for sanctions directed to defendant Sacred Heart Hospital of Allentown, which is presently before the court for disposition. At oral argument held

May 20, 1987, plaintiffs' counsel advised the court that the only remedy being sought in the motion for sanctions is production of the incident reports.

Section 4 of the Peer Review Protection Act, 63 P.S. §425.4 provides that certain hospital records are confidential and immune from discovery in a civil action. It is apparent from a review of the statute as a whole, as well as from a review of *Sanderson v. Bryan Ltd.*, 361 Pa. Super. 491; 522 A.2d 1138 (1987), and from the cases cited therein, that the legislative purpose of the Peer Review Protection Act was to encourage doctors, nurses and other medical care providers to frankly and confidentially inform hospital committees concerning the performance of medical professionals and hospital personnel in connection with their health care duties. More specifically, committees of a hospital designated to review the qualifications or requalifications of physicians and nurses, to evaluate the quality of health care provided by the facility, to establish means of keeping down the cost of health care, and to review claims made against the hospital, should be immune from civil or criminal liability in the performance of their duties. Moreover, certain proceedings and records of such committees should be confidential and not subject to discovery in civil trials.

Section 4 of the statute specifically provides in this regard, in part:

"The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee. . . ."

The statute, however, contains an exception to the confidentiality requirement. That exception, in section 4, provides:

"Provided, however, [t]hat information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee. . . ."

Defendant hospital contends that its incident reports come under the general rule of confidentiality. Plaintiffs contend that the reports come under the exception to the rule for "records otherwise available from original sources."

Unfortunately, the record is devoid of any description of the incident reports, or the purpose for which they were prepared, which would aid the court in determining whether they were covered by the rule or its exception. Ordinarily, the party with the burden of proof, in this case plaintiffs who are seeking a motion for sanctions, would suffer the consequences of such lack of evidence.

However, in this case, plaintiffs made a conscientious effort at the depositions to establish a record of the details of preparation of the incident reports, but were thwarted by counsel for the hospital who instructed his witnesses not to answer. We do not mean to imply any criticism of the hospital counsel's advice. The Peer Review Protection Act is relatively new legislation and there has not been much guidance from our appellate courts concerning its provisions. We believe that the hospital counsel was acting in good faith when he gave those instructions to the nurse witnesses.

This procedural deficiency need not deter us from deciding this case, however, because counsel at oral argument stipulated that certain portions of the hos-

pital's brief contain an accurate description of the preparation of such incident reports and their use. That description appears in the last paragraph on page 8 of the brief of defendant Sacred Heart Hospital of Allentown, as follows:

"Hospital incident reports document any happening which is not consistent with the routine operation of the hospital or the routine care of a particular patient. These reports are reviewed and maintained by the Risk Management Department of the hospital for purposes of quality control and claims review." The next sentence in the hospital's brief is a conclusion of law for determination by the court and would, therefore, not be an appropriate part of a factual stipulation: "They are not part of a patient's medical record."

There is no definition in the act, nor do we know of any cases defining the meaning, of the term "original sources" contained in the exception to the confidentiality requirement. We believe, reading the act as a whole, that term must mean documents prepared in the ordinary course of treatment of a patient.

Accordingly, we interpret the act to mean that where a document is prepared solely for purposes of peer review, that document is not discoverable. Where a document is prepared solely in connection with recording events of the treatment of a patient, that document is discoverable. Where, as here, a document prepared in the ordinary course of the hospital's routine care of patients is also reviewed for peer review purposes, we believe that those documents come under the exception rather than the main confidentiality provisions of the act. Such documents, in the language of the statute, "are not to be construed as immune from discovery or use in

any such civil action merely because they were presented during proceedings of such committee."

We believe that the incident reports in this case, as described in defense counsel's brief, were documents and records available from original sources as that term is used in the statute. We believe that those documents, as described in the brief, were routinely prepared by nurses whenever an unusual happening occurred. We believe that such procedures makes those documents part of the patient's medical records, and renders them discoverable. We do not believe that the hospital can thwart the discoverability of such documents merely by filing them in the Claims Review or Risk Management Office, nor by occasionally using them for peer review purposes. Accordingly, we will compel discovery of the incident reports in this case.

This decision should be strictly limited to the peculiar facts of the particular case before the court. Nothing contained herein should be viewed as a blanket ruling on discoverability of all incident reports. It may be that in future cases where the record establishes that the sole purpose and use of such reports are for peer review, and that such reports are not routinely made by nurses, the outcome would be otherwise.

For the foregoing reasons, we grant plaintiff's motion for sanctions and direct defendant hospital to provide plaintiff with copies of the nurses' incident reports.

## ORDER

Now, this May 20, 1987, upon consideration of plaintiffs' motion for sanctions directed to defendant Sacred Heart Hospital of Allentown, filed April 24, 1987, after oral argument held this date, upon con-

sideration of the briefs of the parties, and for the reasons expressed in accompanying discussion.

It is ordered that plaintiffs' motion for sanctions is granted.

It is further ordered that on or before June 9, 1987, defendant Sacred Heart Hospital of Allentown shall provide a true copy of the following incident reports to counsel for plaintiffs:

(1) Report of March 3, 1983, prepared by JoAnn Phillips, R.N.,

(2) Incident report of March 13, 1983, prepared by Natalie Ann Leh, R.N.,

(3) Incident report dated March 18, 1983, prepared by Natalie Ann Leh, R.N., and

(4) Incident report dated March 23, 1983, prepared by Barbara Bayer, R.N.